# EXHIBIT A

## IN THE CIRCUIT COURT FOR CHARLES COUNTY, MARYLAND

TERRANCE MURPHY      *
10657 Water Hickory Court    *
Waldorf, Maryland 20601    *
            **Plaintiff,**    *
   *
   *
**v.**    *
   *
WHIRLPOOL CORPORATION    *
2000 N. M-63,.    *
Benton Harbor, Michigan 49022    *
   *
     **SERVE:**    **CSC-Lawyers Incorporating**    *
           **Service Company**    *
           7 St. Paul Street    *
           Suite 820    *
           Baltimore, Maryland 21202    *
   *  **Case No.:**
and    *
   *
BEST BUY STORES, LP    *
7601 Penn Ave. S.    *
Richfield, Minnesota 55423    *
   *
     **SERVE:**    **The Corporation Trust**    *
           **Incorporated**    *
           2405 York Road    *
           Suite 201    *
           Lutherville-Timonium, Maryland    *
           21093    *
   *
PILOT AIR FREIGHT, LLC    *
d/b/a PILOT FREIGHT SERVICES    *
314 N. Middletown Road    *
Lima, Pennsylvania 19063    *
   *
     **SERVE:**    **The Corporation Trust**    *
           **Incorporated**    *
           2405 York Road    *
           Suite 201    *
           Lutherville-Timonium, Maryland    *
           21093    *
   *
                **Defendants.**    *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JAKUTSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO, MD
20772
—
(301) 627-8700

## COMPLAINT

COMES NOW, the Plaintiff, Terrance Murphy, by and through counsel, Christine Murphy, and The Jaklitsch Law Group, who files this Complaint against Defendants, Whirlpool Corporation ("**Whirlpool**"), Best Buy Stores, LP ("**Best Buy**"), and Pilot Air Freight, LLC, d/b/a Pilot Freight Services ("**Pilot**") (hereinafter collectively "**Defendants**") and, for the reasons therefore, states as follows:

## PARTIES

1.     That at all times relevant to this Complaint, Terrance Murphy (hereinafter "**Plaintiff**"), has been and continues to be a resident of and domiciled in Charles County, Maryland.

2.     That Defendant, Whirlpool Corporation, is a Michigan corporation with its principal place of business located at 2000 N. M-63, Benton Harbor, Michigan 49022. At all relevant times, this Defendant regularly conducted business in Charles County, Maryland.

3.     That Defendant, Best Buy Stores, LP, is a Minnesota Limited Partnership with its principal place of business located at 7601 Penn Ave S. Richfield, Minnesota 55423. At all relevant times, this Defendant regularly conducted business in Charles County, Maryland.

4.     That Defendant, Pilot Air Freight, LLC, d/b/a Pilot Freight Services, is a Pennsylvania Limited Liability Company with its principal place of business located at 314 N. Middletown Road, Lima, Pennsylvania 19063. At all relevant times, this Defendant regularly conducted business in Charles County, Maryland.

5.     That at all times relevant, Defendants were the representatives, agents, employees, co-conspirators, servants, employees, partners, joint-venturers, franchisees, or alter egos of the other Defendants and were acting within the scope of such authority in such conspiracy, service, agency, employment, partnership, joint venture and/or franchise.

JAKLITSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO, MD
20772
—
(301) 627-8700

2

6. That each Defendant was involved, either directly or indirectly, in the business of designing, licensing, manufacturing, distributing, selling, marketing, installing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, numerous home appliances, including the KitchenAid Self-Cleaning Slide-In Electric Induction Convection Range ("**KitchenAid Oven**"), Model Number: KSIB900ESS, as well as monitoring and reporting adverse events.

## FACTUAL BACKGROUND

7. That Defendant Whirlpool manufactured the KitchenAid Oven.

8. That on or about May 2, 2022, Plaintiff purchased the KitchenAid Oven from Defendant Best Buy in Charles County, Maryland.

9. That on or about May 6, 2022, servants, agents, and/or employees of Defendant Pilot installed the KitchenAid Oven in Plaintiff's residence in Charles County, Maryland.

10. That on or about March 6, 2023, Plaintiff noticed that the bottom oven and top burners were functioning properly, but the bottom oven was not functioning at all.

11. That on or about March 7, 2023, Plaintiff placed a service call to Defendant Whirlpool and scheduled a service appointment for March 13, 2023.

12. That on or about March 10, 2023, Plaintiff was cleaning the top burners, while the KitchenAid Oven was off, and suddenly the KitchenAid Oven malfunctioned and electrocuted Plaintiff causing a jolt up his right arm and through his entire body.

13. That Plaintiff was not aware, by warning or otherwise, of the defects in the KitchenAid Oven, and would not have used the KitchenAid Oven had he been aware of the defective nature of the device.

JAKLITSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO. MD
20772
—
(301) 627-8700

3

14.    That as a direct and proximate result of Defendants placing the KitchenAid Oven in the stream of commerce, Plaintiff has suffered and continues to suffer both injuries and damages, including, but not limited to: past, present and future physical and mental pain and suffering; and past, present and future medical, hospital, and rehabilitative expenses; economic damages, permanent injuries, and other related damages.

15.    That all of the injuries and complications suffered by Plaintiff were caused by the defective design, warnings, construction, and unreasonably dangerous character of the KitchenAid Oven.  Had Defendants not concealed the known defects, Plaintiff would not have purchased and used the KitchenAid Oven.

## COUNT I
### Negligence

16.    That Plaintiff hereby adopts and incorporates all allegations and averments above as if set forth fully herein at length.

17.    That Defendants, individually and/or by and through their agents, servants, and/or employees, owed a duty to Plaintiff to exercise reasonable and ordinary care in designing, researching, testing, manufacturing, marketing, supplying, promoting, distributing, approving, selling, and installing the KitchenAid Oven.

18.    That Defendants, individually and/or by and through their agents, servants, and/or employees, failed to exercise ordinary care in designing, researching, testing, manufacturing, marketing, supplying, promoting, distributing, approving, selling, and installing the KitchenAid Oven into interstate commerce in that Defendants knew or should have known that this product created a high risk of unreasonable, dangerous side effects, including electrocuting users, thereby breaching their duty to consumers, including Plaintiff.

JAKLITSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO, MD
20772
—
(301) 627-8700

4

19.    That Defendants, individually and/or by and through their agents, servants, and/or employees, further owed Plaintiff the duty to:

(a)    Design the KitchenAid Oven in a manner which was safe for those individuals who used the device according to its intended use;

(b)    Design, manufacture, produce, create and/or promote the KitchenAid Oven after thoroughly testing it;

(c)    Adequately and correctly warn Plaintiff of the dangers of the KitchenAid Oven;

(d)    Recall their dangerous and defective KitchenAid Oven at the earliest date that it became known that the device was, in fact, dangerous and defective;

(e)    Ensure that the KitchenAid Oven was safe for its intended purpose; and

(f)    Manufacture the KitchenAid Oven in a manner which was safe to consumers.

(g)    Install the KitchenAid Oven in manner which was safe to consumers.

20.    That the Defendants, individually and/or by and through their agents, servants, and/or employees, breached their duties owed to Plaintiff, including, but not limited to, the following acts and/or omissions:

(a)    Negligently designing the KitchenAid Oven in a manner which was dangerous to those individuals who had purchased and used the appliance;

(b)    Designing, manufacturing, producing, creating and/or promoting the KitchenAid Oven without adequately, sufficiently, or thoroughly testing the appliance;

(c)    Failing to adequately and correctly warn Plaintiff of the dangers of the KitchenAid Oven;

JAKLITSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO. MD
20772
—
(301) 627-8700

5

(d)     Failing to recall their dangerous and defective KitchenAid Oven at the earliest date that it became known that the device was, in fact, dangerous and defective;

(e)     Advertising and/or marketing the use of the KitchenAid Oven despite the fact that Defendants knew or should have known of its defects;

(f)     Representing that the KitchenAid Oven was safe for its intended purpose when, in fact, it was unsafe;

(g)     Manufacturing the KitchenAid Oven in a manner which was dangerous to those individuals who used the device according to its intended use;

(h)     Under-reporting, underestimating, and/or downplaying the serious danger of the KitchenAid Oven; and

(i)     Installing the KitchenAid Oven in an unsafe manner that Defendants knew or should have known had the propensity to harm to consumers.

21.     That Defendants knew or should have known that consumers, including Plaintiff, would suffer foreseeable injuries as a result of Defendants' failure to exercise ordinary care as described above. Moreover, Defendants knew or should have known that the KitchenAid Oven stovetop would be wiped down a cleaned, and that the KitchenAid Oven had a propensity to malfunction and electrocute unsuspecting consumers.

22.     That all material times, Defendants knew of the defective nature of the KitchenAid Oven as set forth herein, and continued to design, manufacture, market, and sell the device so as to maximize sales and profits at the expense of public health and safety, and as such Defendants' conduct exhibited a wanton and reckless disregard for human life and safety.

23.     That the malfunction and electrocution of the subject KitchenAid Oven is a result that does not ordinarily occur absent negligent design and/or manufacture by Defendant Whirlpool,

JAKUTSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO. MD
20772
——
(301) 627-8700

who, at all times, maintained exclusive control over the subject KitchenAid Oven before it was placed within its packaging.

24.    That malfunction and electrocution of the subject KitchenAid Oven is a result that does not ordinarily occur absent the negligent selling of defective products by Defendant Best Buy, who, at all times, maintained exclusive control over the subject KitchenAid Oven while it was in its original packaging until it was sold Plaintiff and installed by Defendant Pilot.

25.    That the malfunction and electrocution of the subject KitchenAid Oven is a result that does not ordinarily occur absent negligent installation by Defendant Pilot, who, at all times, maintained exclusive control over the subject KitchenAid Oven until it was removed from its original packaging and installed in Plaintiff's home.

26.    That the malfunction and electrocution of the subject KitchenAid Oven is a result that does not ordinarily occur absent negligent contracting of a delivery and company by Defendant Best Buy, who, at all times, maintained exclusive control over the subject KitchenAid Oven until it was provided to Defendant Pilot to be installed in Plaintiff's home.

27.    That as a direct and proximate result of Defendants' negligence described above, the KitchenAid Oven malfunctioned and electrocuted Plaintiff causing injury, as well as the economic and noneconomic damages described below.

28.    That as a direct and proximate result of the negligent acts of Defendants, individually and/or by and through their actual and/or apparent agents, servants and/or employees, Plaintiff received severe and permanent injuries, all of which have caused him and will continue to cause him in the future great pain, suffering, mental anguish and other non-economic damages.

WHEREFORE, Plaintiff, Terrance Murphy, demands judgment against the Defendants, and each of them, individually, and jointly and severally, for compensatory damages in an amount

JAKLITSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO, MD
20772
—
(301) 627-8700

7

in excess of Seventy-Five Thousand Dollars ($75,000.00), plus a separate award for costs and attorney's fees, and such other relief as this Honorable Court deems just and proper.

## COUNT II
### Breach of Warranty of Merchantability

29.    That Plaintiff hereby adopts and incorporates all allegations and averments above as if set forth fully herein at length.

30.    That Defendants, as designers, fabricators, manufacturers, marketers, sellers, suppliers, and/or installers of the subject KitchenAid Oven warranted that such an appliance was merchantable.

31.    That the subject KitchenAid Oven was not merchantable and was instead defective as described above. Specifically, these defects in the KitchenAid Oven were the failure to design, manufacture, fabricate, sell, supply, and/or install the KitchenAid Oven.

32.    That as a direct and proximate result of the breach of Defendants' warranty of merchantability, Plaintiff has sustained all the injuries and damages alleged above.

WHEREFORE, Plaintiff, Terrance Murphy, demands judgment against the Defendants, and each of them, individually, and jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus a separate award for costs and attorney's fees, and such other relief as this Honorable Court deems just and proper.

## COUNT III
### Breach of Warranty of Fitness for a Particular Purpose

33.    That Plaintiff hereby adopts and incorporates all allegations and averments above as if set forth fully herein at length.

34.    That Defendants, as designers, fabricators, manufacturers, marketers, sellers and/or suppliers of the subject KitchenAid Oven that warranted that such an appliance was fit for the

JAKUTSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO, MD
20772
—
(301) 627-8700

8

purpose of providing a safe and effective cooking experience, free from any design, manufacturing, and/or latent defects.

35.    That the KitchenAid Oven was not fit for the intended purpose of cooking, due to Defendants' failure to design, manufacture, fabricate, supply, sell, and/or properly install the KitchenAid Oven so as to prevent malfunction of the KitchenAid Oven. Consequently, Plaintiff's KitchenAid Oven malfunctioned, resulting in Plaintiff being electrocuted and the economic and noneconomic damages described herein.

36.    That as a direct and proximate result of the unfitness of the subject KitchenAid Oven, Plaintiff has sustained all the injuries and damages alleged herein.

WHEREFORE, Plaintiff, Terrance Murphy, demands judgment against the Defendants, and each of them, individually, and jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus a separate award for costs and attorney's fees, and such other relief as this Honorable Court deems just and proper.

**COUNT IV**
**Strict Liability - Defective Design**

37.    That Plaintiff hereby adopts and incorporates all allegations and averments above as if set forth fully herein at length.

38.    That at all times herein mentioned, Defendants were the researchers, designers, manufacturers, testers, advertisers, promoters, marketers, packagers, labelers, sellers, distributers, suppliers, and/or installers of the KitchenAid Oven, which was defective and unreasonably dangerous.

39.    That at all times relevant herein, the KitchenAid Oven was defective in its design or formulation in that it was not reasonably fit, suitable or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design. The KitchenAid Oven was

JAKUTSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO, MD
20772
—
(301) 627-8700

9

defective in design in that it malfunctioned upon regular routine cleaning, posed a greater likelihood of injury, and was more dangerous than other available devices indicated for the same conditions and uses. Moreover, the KitchenAid Oven was defective, because the design of the appliance malfunctioned upon regular routine cleaning, thereby electrocuting Plaintiff. If the design defects were known at the time of manufacture, a reasonable person would have concluded that the utility of the KitchenAid Oven did not outweigh its risks.

40.    That the defective condition of the KitchenAid Oven rendered it unreasonably dangerous and/or not reasonably safe, and the KitchenAid Oven was in this defective condition at the time it left the hands of Defendants. The KitchenAid Oven was expected to and did reach Plaintiff without substantial change in the condition in which it was designed, manufactured, labeled, sold, distributed, marketed, promoted, supplied, installed, and otherwise released into the stream of commerce.

41.    That Plaintiff was unaware of the significant hazards and defects in the KitchenAid Oven. The KitchenAid Oven was unreasonably dangerous and/or not reasonably safe in that it was more dangerous than would be reasonably contemplated by the ordinary consumer. During the period that Plaintiff used the KitchenAid Oven, it was being utilized in a manner that was intended by Defendants. At the time Plaintiff had the KitchenAid Oven, it was represented to be safe and free from latent defects.

42.    That Defendants had a duty to create and/or install a product that was not unreasonably dangerous for its normal, intended use and breached this duty.

43.    That Defendants are liable to Plaintiff for designing, manufacturing, installing, and/or placing into the stream of commerce the KitchenAid Oven, which was unreasonably dangerous for its reasonably foreseeable use because of its design defects.

JAKLITSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO, MD
20772
—
(301) 627-8700

10

44.    That Defendants knew or should have known of the danger associated with the use of the KitchenAid Oven, as well as the defective nature of the KitchenAid Oven, but continued to design, manufacture, sell distribute, market, promote, supply, and/or install the KitchenAid Oven so as to maximize sales and profits at the expense of the public health and safety, in conscious disregard of the foreseeable harm caused by the KitchenAid Oven.

45.    That as a direct and proximate result of the defective designs and use of the installation of the subject KitchenAid Oven, Plaintiff has sustained all the injuries and damages alleged herein.

WHEREFORE, Plaintiff, Terrance Murphy, demands judgment against the Defendants, and each of them, individually, and jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus a separate award for costs and attorney's fees, and such other relief as this Honorable Court deems just and proper.

**COUNT V**
**Strict Liability - Defective Manufacture**

46.    That Plaintiff hereby adopts and incorporates all allegations and averments above as if set forth fully herein at length.

47.    That at all times material hereto, Defendants manufactured, designed, tested, marketed, distributed, sold, supplied, and/or installed the KitchenAid Oven and placed the appliance in the stream of commerce in a condition which rendered it unreasonably dangerous due to its propensity to electrocute consumers while the oven and stovetops were not being used. The subject product was unreasonably dangerous in construction or composition.

48.    That alternatively, the KitchenAid Oven purchased and installed was defective because it varied from Defendants' intended design and contained unreasonably dangerous conditions.

JAKLITSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO, MD
20772
—
(301) 627-8700

11

49.     That as a direct and proximate result of Defendants placing the defective KitchenAid Oven into the stream of commerce, with the manufacturing defect described above, Plaintiff sustained all the injuries and damages alleged herein.

WHEREFORE, Plaintiff, Terrance Murphy, demands judgment against the Defendants, and each of them, individually, and jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus a separate award for costs and attorney's fees, and such other relief as this Honorable Court deems just and proper.

### COUNT VI
### Strict Liability - Failure to Warn

50.     That Plaintiff hereby adopts and incorporates all allegations and averments above as if set forth fully herein at length.

51.     That at all times material hereto, Defendants researched, tested, developed, designed, licensed, manufactured, packaged, labeled, marketed, sold and/or supplied the KitchenAid Oven into the stream of commerce knowing the appliances would then be installed for consumer use. In the course of the same, Defendants directly advertised and/or marketed the appliance to consumers, including Plaintiff, and therefore had a duty to warn of the risks associated with the use of the KitchenAid Oven. Defendants breached this duty.

52.     That the warnings, instructions, and information provided to consumers did not accurately reflect the risks associated with owning and operating a KitchenAid Oven.

53.     That Defendants failed to perform adequate testing which would have demonstrated that the KitchenAid Oven had potentially serious risks associated with electrocution, about which Defendants should have provided full and proper warnings.

JAKLITSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO, MD
20772
—
(301) 627-8700

12

54.     That the KitchenAid Oven was defective due to inadequate warnings, information, and instructions that failed to convey to consumers accurate information about the scope and severity of electrocution risks.

55.     That had Defendants reasonably and properly provided adequate warnings, such warnings would have been heeded and no consumer, including Plaintiff, would have purchased and/or used the KitchenAid Oven.

56.     That Defendants, as designers, fabricators, manufacturers, marketers, sellers, suppliers, and/or installers of the subject KitchenAid Oven, owed a duty of care to Plaintiff to advise as to the defective design and/or manufacture of the subject KitchenAid Oven and/or future malfunction of the KitchenAid Oven, including, but not limited to, the electrocution of consumers upon cleaning the stovetop.

57.     That Defendants breached their duty of care to Plaintiff to advise as to the defective design and/or manufacture of the subject KitchenAid Oven and/or future malfunction of the KitchenAid Oven, including, but not limited to, the electrocution of consumers upon cleaning the stovetop.

58.     That as a direct and proximate result of the failure to warn Plaintiff as described above, Plaintiff has sustained all the injuries and damages alleged above.

WHEREFORE, Plaintiff, Terrance Murphy, demands judgment against the Defendants, and each of them, individually, and jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus a separate award for costs and attorney's fees, and such other relief as this Honorable Court deems just and proper.

JAKLITSCH LAW GROUP
14350 OLD MARLBORO PIKE
UPPER MARLBORO, MD
20772
—
(301) 627-8700

13

Respectfully submitted:

JAKLITSCH LAW GROUP

_____
Christine H. Murphy
AIS#: 0512140302
Attorney for Plaintiff
14350 Old Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 627-8700
(301) 627-6070 fax
christine@thejaklitschlawgroup.com

## PRAYER FOR JURY TRIAL

The Plaintiff, Terrance Murphy, prays for a trial by jury in the above-captioned case.

_____
Christine Murphy